RECEIVED

MAR - 4 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MATTHEW TANNER SMITH | CIVIL ACTION NO. 14-0697 |
| VERSUS | JUDGE DOHERTY |
| BISSO MARINE, LLC. | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Before the Court is the Motion to Amend/Correct Complaint [Doc. 32] filed by plaintiff Matthew Tanner Smith. The motion is opposed by defendant Bisso Marine, LLC [Doc. 33]. In his motion, the plaintiff seeks to add certain claims after the deadline for amendment of pleadings expired. The issue of amendment was extensively briefed by the parties [Docs. 34, 37, 38, 39, 40]. For the following reasons, the motion to amend is GRANTED.

**I.    Facts and Procedural Background**

The instant lawsuit arises out of alleged personal injuries sustained by the plaintiff, who was employed by defendant Bisso in 2011 as a diver. In his original complaint, filed on March 31, 2014, the plaintiff alleges claims under the Jones Act and the general maritime law, as follows:

6.

Upon information and belief, On or about June 2010, petitioner, **MATTHEW TANNER SMITH,** was hired by defendant, **"BISSO",** as a diver/dive tender. As part of the review process for clearance to dive, petitioner was sent to **"BISSO's"** retained physician to perform a physical pursuant to established safety guidelines. During the November 2010 physical, **"BISSO's"** retained physician performed a hearing test where the results showed a fluctuation in the left ear. Additionally, **"BISSO's"** retained physician noted in his report that petitioner had recovered from a prior Fistula to his left ear. Rather than carry out its duty to send petitioner to a Ear, Nose & Throat (ENT) specialist, **"BISSO's"** Health and Safety personnel negligently cleared petitioner as fit to dive.

7.

On or about March 31, 2011, petitioner, **WILLIAM TANNER SMITH**, received a second physical performed by **"BISSO's"** retained physician. The results from petitioner's second physical indicated further fluctuations in petitioner's left ear. **"BISSO's"** Health and Safety personnel should have noted these fluctuations and once again sent petitioner to an ENT specialist in accordance with proper safety guidelines. Nonetheless, **"BISSO's"** Health and Safety personnel negligently cleared petitioner a second time to dive.

8.

On or around the fall of 2011, petitioner, **MATTHEW TANNER SMITH**, performed several deep dives in the Gulf of Mexico. Petitioner then decided to return home once he started to experience dizziness and vertigo. Upon his return home, petitioner was examined by various ENT specialists. These specialists discovered through objective findings that the petitioner had sustained a central nervous system injury to his inner ear which was proximately caused by **"BISSO's"** failure to follow proper safety guidelines. **"BISSO's"** Health and Safety personnel knew or should have known the fluctuations noted in both of petitioner's physicals warranted examination by an ENT specialist before being cleared to dive.

9.

Upon information and belief, petitioner, **MATTHEW TANNER SMITH**, while employed by defendant, **"BISSO"**, sustained severe disabling injuries to his mind and body, including a central nervous system injury and an *exacerbated inner ear injury* due to defendant's failure to follow established safety guidelines. Petitioner has been declared unfit to dive by several medical providers. Plaintiff did not discover this condition until returning home after several deep sea dives in the fall of 2011.

10.

The aforedescribed personal injuries were caused as a direct result of the negligence of the defendant, **"BISSO"**, its agents, servants and/or employees or anyone else for whom it may be responsible, in the following non-exclusive particulars:

    A.    Failing to provide petitioner a safe place to work;
    B.    Failing to properly supervise and instruct;
    C.    Improper method of operation;
    D.    Incompetent or inadequate personnel and/or crew;
    E.    Violating any and all applicable U.S. Coast Guard and/or safety statutes intended to protect petitioner (negligence per se);

  F. Failing to properly train;
  G. Failing to provide reasonably safe and proper equipment;
  H. Failing to properly decompress;
  I. Failing to provide proper medical treatment;
  J. Unsafe method of work;
  K. Failing to audit petitioner's dive records; and
  L. Failing to inform petitioner of violations of decompression tables.[1]

Under the current scheduling order, the original deadline to amend pleadings was September 10, 2014. This deadline passed without any amendments to the original pleadings. Thereafter, on January 15, 2015, the parties filed a consent motion to continue certain deadlines [Doc. 20], however, in that motion, the parties did not ask that the deadline to amend pleadings be extended. Therefore, the original deadline to amend pleadings (September 10, 2014) was kept in place, even though the Court ultimately continued the trial date.

On August 20, 2015, the plaintiff moved to amend Paragraph 6 of the original complaint to read as follows:

6.

Upon information and belief, on or about June 2010, petitioner, MATTHEW TANNER SMITH, was hired by defendant, "BISSO", as a diver/dive tender. Petitioner was set to BISSO'S retained physician to perform physicals pursuant to established safety guidelines. After petitioner's last physical on or about March 31, 2011, petitioner was cleared to dive and went on to conduct numerous dives for "BISSO." During dives dated, May 28, 2011, August 9, 2011, August 10, 2011 and September 15, 2011, "BISSO" failed to properly follow decompression procedures in accordance with omitted decompression tables. Additionally, "BISSO" failed to administer required neurological exams and to contact their retained diving physician in accordance with established company protocol and procedure.

The plaintiff moved to strike Paragraph 7 entirely and to amend Paragraph 8 to read as follows:

---

[1] *See* plaintiff's original Complaint, Doc. 1.

3

8.

On or about the fall of 21011, petitioner, MATTHEW TANNER SMITH, performed several deep dives in the Gulf of Mexico. Following these dives, petitioner experienced dizziness and vertigo. The dive sheets and videos which would have provided accurate forensic information in relation to these dives were either lost or destroyed by "BISSO." Petitioner then decided to return home after he performed several shallow dives in November of 2011. Upon his return home, petitioner was examined by various doctors, including ENT specialists. These doctors discovered through objective findings and surgery that petitioner had sustained both peripheral and central nervous system injury (brain damage) which was caused by BISSO'S negligence. Thus, petitioner's treating physicians have concluded that he is incapable of returning to work as a diver and should not continue his present employment.

Plaintiff seeks to amend Paragraph 10 to read as follows:

The aforedescribed personal injuries to petitioner were caused as a direct result of the negligence of the defendant, "BISSO", its agents, servants and./or employees or anyone else for whom it may be responsible, and /or due to the unseaworthiness of the D/B "BOAZ", in the following non-exclusive particulars:

- A. Failing to provide petitioner a safe place to work;
- B. Failing to properly supervise and instruct;
- C. Improper method of operation;
- D. Incompetent or inadequate personnel and/or crew;

[ ... ]

Plaintiff seeks to add Paragraph 11A, to read as follows:

11A.

In addition to the above enumerated paragraphs which plaintiff incorporates herein, plaintiff would show the following:

1. That defendant, "BISSO", and its onsite representatives, and diving supervisors were not cognizant of, and clearly disregarded their responsibilities as mandated by 46 CFR 197.400; 46 CFR 197.404(a)(1); 46 CFR 197.404(a)(2) and 197.404 (a)(3). More specifically, defendant disregarded the mandated decompression procedures, the mandated treatment for omitted decompression and the mandated equipment required to be deployed during decompression diving and/or dives deeper than 130FSW.

4

    2.    That defendant, "BISSO", failed to provide a diving stage as required by 46 CFR 197.432(e)(3). Plaintiff would show that the above Coast Guard Regulations were promulgated to prevent the type of injuries sustained by plaintiff and that these acts or omissions were a contributing and/or proximate cause of plaintiff' injuries and as such defendant is negligent per se.

Bisso Marine opposes the motion to amend on grounds the motion is untimely; asserts completely "new" claims; and is futile, as the new claims are prescribed and do not relate back to the plaintiff's original complaint.

## II. Law and Discussion

The Fifth Circuit has held district courts possess broad discretion in their decisions whether to permit amended complaints. *Crostley v. Lamar County, Texas*, 717 F.3d 410, 420 (5th Cir. 2013), *citing McLean v. Int'l Harvester Co.*, 817 F.2d 1214, 1224 (5th Cir.1987). Leave to amend generally should be granted absent some justification for refusal such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). *See also Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). An amended pleading is "futile" if the claims sought to be added would be time-barred. *Jacobsen*, 133 F.3d at 318. A motion for leave should not be denied, however, "unless there is a substantial reason to do so." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994).

Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure states an "amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – <u>or attempted to be set out</u> – in the original pleading . . ." (emphasis added). In the instant case, Bisso Marine argues the claims

5

which plaintiff seeks to add are entirely "new" claims that do not relate back to the claims originally pled. Specifically, Bisso Marine argues the crux of the plaintiff's original claims was that Bisso Marine engaged in "quasi" medical malpractice in passing plaintiff through his dive physicals in 2010 and 2011. Bisso Marine argues the proposed amended complaint abandons that theory completely in favor of allegations of offshore operational negligence during six specific dives in 2011. Bisso Marine also argues the plaintiff's new claims are time-barred, as they allegedly occurred in 2011, and that they do not relate back to any specifically-pled claims in the plaintiff's original complaint.

First, this Court has been shown no specific reason – such as undue delay – for the failure of the plaintiff to include his "new" claims in his original complaint. Rather, the plaintiff argues his claims of decompression violations were developed during discovery and were not confirmed until the deposition of Bisso's supervisor, Sean Coughlin, which was taken on May 6, 2015. Plaintiff alleges Mr. Coughlin testified that certain offshore diving operations and decompression procedures referenced in Paragraph 10 of both the original and proposed amended pleadings, in fact, violated company policy, and plaintiff argues, the proposed amended complaint merely clarifies *the scope* of the plaintiff's original operational negligence claim, which was first pled in the original complaint.

Review of the plaintiff's original complaint shows he did allege his "personal injuries were caused as a direct result of the negligence of the defendant, **"BISSO",** its agents, servants and/or employees or anyone else for whom it may be responsible, in the following non-exclusive particulars. . . . "[f]ailing to provide petitioner a safe place to work; . . . [f]ailing to properly supervise and instruct; . . . . [and] "[i]mproper method of operation . . ." and failure to follow certain safety guidelines. Thus, in his original complaint, the plaintiff did allege operational negligence against Bisso. Furthermore, the proposed amended complaint, while undoubtedly expanding on the

6

previously pled theory of liability, nevertheless does arise out of the conduct set out in the original complaint, that is, the plaintiff's dives that occurred in 2011. Thus, this Court concludes a "common core of operative facts" does unite the original claims and the newly asserted claims. Under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, "amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that *arose out of the conduct, transaction, or occurrence set out* – **or attempted to be set out** – in the original pleading . . ." Fed.R.Civ.P. 15(c)(1)(B) (emphasis added). Federal law provides that a newly asserted claim relates back to a claim in the initial pleading if the two arose out of the same "conduct, transaction or occurrence," i.e., "a 'common core of operative facts' must unite the original claim and the newly asserted claim." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F.Supp.2d 935 (S.D. Tex. 2013), *citing Mayle v. Felix*, 545 U.S. 644, 659, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). In the instant case, this Court finds the newly asserted claims – negligence for offshore operations and failure to follow safety guidelines – arose out of the "conduct, transaction or occurrence" referenced in the original complaint.

This Court, also, concludes the defendants were not without any degree of notice of the plaintiff's "new" claims. The plaintiff alleges his liability expert report, prepared by Ricky Walker, addressed all factual issues pled in paragraphs 9, 10, and 13 of both the original and first amended pleadings. Furthermore, the plaintiff's original complaint complies with the general tenet of notice pleading as contemplated by Rule 8(a) of the Federal Rules of Civil Procedure, which provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
>> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

7

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed.R.Civ.P. 8(a). In *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1950 (2009), the United States Supreme Court set forth the pleading standard under Rule 8(a)(2), as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555, 127 S.Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955.

Here, in his original complaint, the plaintiff did indeed allege facts supporting his claim of operational negligence against Bisso. Although the proposed amended complaint expands on the particulars of that or those theory(ies) of liability, this Court concludes the defendant was not without notice of the claim of operational negligence with the filing of the original complaint, albeit, the previous focus was on the alleged medical failures, the petition itself was not so narrowly tailored.

Considering this Court's conclusion that the newly asserted claims arose out of the "conduct, transaction or occurrence" referenced in the original complaint, and that the defendant was not without notice of a claim of operational negligence even with the filing of the original complaint, this Court concludes the amendment should not be barred. However, this Court is not unaware or unsympathetic to the argument of prejudice, unnecessary costs and judicial inefficiency, therefore, to cure any potential prejudice to Bisso Marine that the granting of this motion might occasion, this Court will enter a new Scheduling Order for purposes of allowing additional discovery related to the

8

recently-asserted claims, and will entertain defendant's request for reimbursement of reasonable costs - excluding attorney's fees that might be incurred if duplicative expert reports or depositions are required.

### III. Conclusion

For the foregoing reasons, IT IS ORDERED that the Motion to Amend/Correct Complaint [Doc. 32] is GRANTED. Counsel shall contact the Court within ten days of the date of this Ruling for the purpose of scheduling a telephone status conference to select a new trial date.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _____ day of March, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE